Case 4:22-cr-00115 Document 1 Filed on 01/27/22 in TXSD Page 1 of 7

United States Courts
Southern District of Texas
FILED

January 27, 2022

Nathan Ochsner, Clerk of Court

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| United States of America | ) |
|---|---|
| v. | ) |
| EDDIE COBURN, TYREEK HENDERSON, JOSEPH SIMON, DEMORIAN SMITH, & TERRIONE TYLER | ) ) ) ) ) |
| *Defendant(s)* | ) |

Case No. **4:22-mj-171**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 24, 2022__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1951(a) and 2 | Aiding and Abetting Interference with Commerce by Robbery |
| 18 USC 924 (c)(1)(A)(ii) and 2 | Aiding and Abetting Brandishing of a Firearm in Relation to a Crime of Violence |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Russell Gray, TFO for the ATF
*Printed name and title*

Sworn to me telephonically.

Date: January 27, 2022

_____
Frances H. Stacy
United States Magistrate Judge
*Printed name and title*

City and state: Houston, TX

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sergeant Russell Gray, affiant, hereby depose and state the following:

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereafter "ATF") and a Sergeant with the Houston Police Department (hereafter "HPD") and have been employed by HPD since May 2006. During my employment with HPD and the ATF, I have trained in investigations relating to violations of the United States Federal Criminal Code, including Title 18 of the United States Code (hereafter "USC"), specifically criminal violations involving organized crime, kidnapping, and interference with commerce by threats or violence, and extortions. I am currently assigned to the Crime Gun Strike Force. My primary investigative responsibilities include crimes occurring within the United States District for the Southern District of Texas.

2. The facts contained in this affidavit are based upon information provided to me by other law enforcement officers, other witnesses, and my own personal knowledge. Since this affidavit is made for the limited purpose of supporting a Criminal Complaint, I have not set forth each and every fact learned during the course of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the crimes charged. Unless otherwise indicated, where actions, conversations, and statements of others are related herein, they are related in substance and in part only.

3. Your Affiant has been assigned several aggravated robberies targeting CVS and Walgreens in which a groups of two to four African American males enter the store with guns, demanding the contents to cash registers and or safes located on the premises. Your Affiant received the following information:

4. On January 24, 2022, at approximately 0252 hours, at the CVS pharmacy located at 4700 Kirby Drive within the City of Houston, Harris County, Texas an aggravated robbery occurred. According to the complainant, LATARSHA WALLS (hereinafter WALLS), a CVS employee stated she was working alone in the store when the first two SUBJECTS appeared, later identified as DEMORIAN SMITH (hereinafter SMITH) and TERRIONE TYLER (hereinafter TYLER), and knocked on the door of the store for entry. WALLS stated at that time of night, the doors are locked and entry must be given. WALLS allowed the doors to unlock and SMITH and TYLER entered. WALLS stated as she was about to close the door SUBJECT #3 later identified as TYREEK HENDERSON (hereinafter HENDERSON) and SUBJECT #4 later identified as JOSEPH SIMON (hereinafter SIMON) walked in and commanded WALLS go to the cash register. The SUBJECTS took approximately $500.00 cash. WALLS stated SIMON told her "I don't want to hurt you just give me the money" while racking a gun; she stated it then partially came out of his pocket. WALLS stated HENDERSON and SIMON then commanded WALLS to open the safe. WALLS stated she could not which prompted all four SUBJECTS to leave the store.

5. Affiant reviewed the surveillance footage of the incident and observed SMITH and TYLER gain entry into the store and head to the back as if they were scouting for any witnesses or customers within the pharmacy. Affiant observed WALLS attempted to

close the door when HENDERSON and SIMON enter and begin walking toward the register. WALLS has her hands in the air as they walk. HENDERSON and SIMON then walk WALLS to the office where SMITH meets them. After about a minute, the SUBJECTS exit the office and all four SUBJECTS leave the store together. In the surveillance SIMON can be seen wearing a black hooded sweatshirt with red markings. SMITH can be observed wearing red slides on his feet throughout the incident. SUBJECT #5, EDDIE COBURN (hereinafter COBURN) was observed on surveillance video entered the store prior to the robbery, posing as a customer and scoping out the place.

6. Affiant was made aware of a second incident on the same day, January 24, 2022 at approximately 0410 hours, an hour and twenty minutes after the first incident targeting a Walgreens pharmacy at 3317 Montrose Blvd within the City of Houston, Harris County, Texas. According to the complainant, ZJHADONOVAN HOLMES (hereinafter HOLMES) who is employed as a security guard at the location, he was in the front with the other employees when four SUBJECTS entered the location which prompted HOLMES to notify the SUBJECTS that the system was down and they were only accepting cash. HOLMES stated the SUBJECTS pulled out guns and demanded money from the store. HOLMES stated SUBJECT #3, TYREEK HENDERSON, pointed a gun at him and commanded him to the ground. HOLMES stated the SUBJECTS led the other employees to the office where the safe is located. HOLMES stated the SUBJECTS left and provided law enforcement with a vehicle description, which was a gray sedan.

7. According to complainant, DARSHINI RAMJIT (hereinafter RAMJIT) the store manager, stated four SUBJECTS entered the store pointing guns at the complainants demanding money from the registers and to be taken to the safe. RAMJIT stated she complied fearing her life and turned over the contents of the safe including a 3SI tracker. RAMJIT stated the SUBJECTS entered with a multicolored backpack and filled it up with the money from the safe. RAMJIT provided the loss amount as $5319.00 from the safe.

8. According to complainant, CHRISTY EDGLEY (hereinafter EDGLEY) a Walgreens employee, four African American Subjects entered the store pointing guns and demanding money, EDGLEY stated HOLMES was immediately directed to the ground. EDGLEY stated she was scared and jumped up essentially then directed by the SUBJECTS to the office with complainant RAMJIT. EDGLEY stated the SUBJECTS took the money from the safe and left the location.

9. At the conclusion of the incident responding officers were alerted to the 3SI tracking device taken in the robbery. Officer J. MASON (hereinafter MASON) given the tracking information via radio dispatch and the vehicle description met converging units to attempt to initiate a traffic stop. Upon MASON initiating his emergency equipment the SUBJECT vehicle, a 2008 Bluish Gray Dodge Charger bearing Texas plate CHC6629 increased speeds reaching speeds in excess of 90mph, disregarded traffic direction, ultimately striking a curb and losing a wheel. Subject COBURN was observed driving the vehicle during the chase. The SUBJECTS, five in total all fled on foot where they were pursued, apprehended, and ultimately returned to the scene.

10. Officer MASON returned to the SUBJECT vehicle recovering two semi-automatic pistols, a Glock 43 and 30. A multicolored backpack, the same seen on surveillance was observed in the vehicle, the contents of which amounted to $5,315.00 in United States currency in various denominations. Officer MASON returned to the Walgreens and conducted a show up procedure in which complainant HOLMES positively identified all 5 SUBJECTS. HOLMES stated prior to the robbery, SUBJECT #5, COBURN also entered this store prior to the robbery, posed as a customer, and scoped out the place.

11. Responding Officer B. AMARO (hereinafter AMARO), who responded to the first robbery at 4700 Kirby Drive, made the second scene after the SUBJECTS had been apprehended. AMARO stated after reviewing the surveillance in that incident and comparing the SUBJECTS apprehended he observed the following, SIMON was wearing the same ripped blue jeans at the time of arrest he observed him wearing during the robbery. AMARO stated HENDERSON was wearing light blue sweatpants that were observed on surveillance during the incident. AMARO stated TYLER was wearing black basketball shorts and white slides at the time of arrest and that was observed in surveillance. AMARO stated SMITH was barefoot as the red slides were recovered by the vehicle at the crash site.

12. Based on the foregoing facts, your Affiant believes there is probable cause to believe that on January 24, 2022, TYREEK HENDERSON, EDDIE COBURN, JOSEPH SIMON, DEMORIAN SMITH, TERRIONE TYLER aiding and abetting each other and did knowingly and intentionally take and obtain property from CVS and Walgreens, to wit: United States currency, by means of actual and threatened force,

violence, and fear of injury to those in lawful possession of that property and HENDERSON, COBURN, SIMON, SMITH, and TYLER did obstruct, delay and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery in violation of Title 18 U.S.C. Section 1951(a) and 2.

13. Further based on the forgoing your Affiant believes there is probable cause to believe that on January 24, 2022, TYREEK HENDERSON, EDDIE COBURN, JOSEPH SIMON, DEMORIAN SMITH, TERRIONE TYLER aiding and abetting each other did knowingly and intentionally brandished a firearm during and in relation to a crime of violence that being interference with commerce by robbery in violation of Title 18 U.S.C. Section 924(c)(1)(A)(ii) and 2.

_____
Sergeant Russell Gray
Task Force Officer, ATF

Sworn to telephonically 27th day of January 2022, and I find probable cause exists.

_____
Frances H. Stacy
United States Magistrate Judge